# FIEUX *v.* COPPUS.

---

PATENTS; INTERFERENCE.

1. Where one of the parties to an interference constructed and used a device which each of the Patent Office tribunals found embodied the invention of the issue, this court, after an examination of such device, accepted the view of the Patent Office. Mr. Justice VAN ORSDEL dissents.)

2. An interference involved an air-propelling device, comprising a rotatable blower having vanes constructed to create a current of air, a fixed casing surrounding the vanes, an inlet opening of substantially the same diameter as that of the vanes, and an outlet of larger diameter, the vanes extending into the enlarged outlet. One of the parties constructed and used a device having vanes extending into the enlarged opening to an appreciable degree, though not very far. It was *held*, that this construction embodied the invention of the issue. (Mr. Justice VAN ORSDEL dissents.)

3. A patentee is entitled to every use of which his invention is susceptible, whether such use be known or unknown to him.

No. 1184. Patent Appeals. Submitted January 13, 1919. Decided March 3, 1919.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. Frederick P. Fish, Mr. W. B. Morton,* and *Mr. Wm. M. Davis* for the appellants.

*Mr. George H. Kennedy, Jr.,* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeals from concurrent decisions of the Patent Office in an interference proceeding in which priority was awarded the appellee, Frans H. C. Coppus.

The claims are four in number, and we reproduce the 1st and 4th as sufficiently illustrative:

"1. An air propelling device, comprising a fixed casing having an opening, a rotatable blower having vanes fitting closely in the plane of the opening creating a current of air composed of several components, one a main stream and another a stray stream tending to exert a choking effect between the vanes and the walls of the opening, and means for relieving the choking effect of the stray stream and for directing said stray stream into substantially the same path as the main stream, the casing being constructed to confine the main stream and deflected stray stream in a single path."

"4. An air-propelled device, comprising a rotatable blower having vanes constructed to create a current of air having several components, one of said components traveling substantially parallel to the axis of rotation of the vanes and the other of said components traveling in a generally radial direction with respect to said axis and a fixed casing of generally cylindrical contour surrounding said vanes, providing an inlet opening of substantially the same diameter as that of the vanes and providing an outlet of larger diameter, the said *vanes extending into said enlarged outlet.*"

As stated by the Commissioner, who personally reviewed the decision of the Examiners in Chief, the invention is simple, "being an improvement in a rotary air pump or blower, the improvement consisting in the provision of means to prevent the choking effect caused by centrifugal and longitudinal streams of air issuing from the edges of the fan." It will be noted that these are apparatus claims and that the language employed is quite general.

Coppus claims disclosure and reduction to practice late in 1912, which is earlier than the earliest date claimed by appellants Ernest D. Fieux and Harry S. Wheeler. He has introduced in evidence a blower constructed and used in December of 1912, which each of the tribunals of the Patent Office has found embodies this invention. There is no doubt whatever that the blower was constructed and used at the time stated, and, owing to the phraseology of these claims, we are prepared to accept the view of the Patent Office that it embodies the issue. It is true that the vanes do not extend very far "into said enlarged outlet," but it is equally true that claim 4 is silent as to how far they must extend. Since they extend to an appreciable degree, Coppus was entitled to whatever benefit flowed from such a construction, for "a patentee is entitled to every use of which his invention is susceptible, whether such use be known or unknown to him." *C. & A. Potts & Co.* v. *Creager,* 155 U. S. 597, 39 L. ed. 275, 15 Sup. Ct. Rep. 194.

The decision is affirmed.                    *Affirmed.*

Mr. Justice VAN ORSDEL dissents.

A petition for rehearing was denied March 15, 1919.